UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**PETER L. BROWN**                                                                                           **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 3:23-CV-P341-JHM**

**JERRY COLLINS**                                                                                          **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff is incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He brings this action against LMDC Director Jerry Collins in his individual capacity.

Plaintiff makes the following allegations in the complaint:

I had an official court order stating that I was to be escorted to my father's funeral service on January 28th 2023 at approximately 11:00 am. I was never advised by anyone or none of the correctional officers of why I couldn't go or anything they just never came and didn't say anything about it. The due process of court procedures were violated and my rights and U.S. constitutional amendments were violated.

As relief, Plaintiff seeks damages and probation.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the

complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Plaintiff's claim fails because the Constitution does not confer a due process right upon a prisoner to attend a funeral unless the state has created such a liberty interest. *See Williams v. Johns*, No. 2:12-cv-383, 2012 U.S. Dist. LEXIS 163504 (W.D. Mich. Nov. 15, 2012) (citing *Williams v. Wilkinson*, 51 F. App'x 553, 557 (6th Cir. 2002); *see also Rathers v. Raney*, No. 99-6627, 2000 U.S. App. LEXIS 33385, at *4 (6th Cir. Dec. 13, 2000) ("An inmate has no liberty interest in attending a family member's wake or funeral, as the denial of such an opportunity does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.")

The factors that make this case somewhat unique are that Plaintiff is a pretrial detainee and that he allegedly had a court order allowing him to attend his father's funeral. However, another district court considered these factors and explained as follows:

> This Court has found not found a single case holding that a pretrial detainee has a liberty interest in attending a family member's funeral. *See, e.g., Horton v. Shewmaker*, No. 07-CV-185, 2007 U.S. Dist. LEXIS 38686, 2007 WL 1521601, at *2 (N.D. Ind. May 23, 2007) ("Pre-trial detainees have no constitutional right to attend funerals, even those of close family members."); *Cromer v. Administration of CCCF*, No. 14-CV-235, 2014 U.S. Dist. LEXIS 58315, 2014 WL 1669867, at

*2 (D.N.J. Apr. 28, 2014) (holding that denial of pretrial detainee's request to attend his mother's viewing did "not rise to the level of a constitutional magnitude"); *Walters v. Washington Cnty. Jail*, No. 07-CV-5113, 2007 U.S. Dist. LEXIS 102745, 2007 WL 2710433, at *2 (W.D. Ark. Sept. 13, 2007) ("[T]here is no constitutional right for a detainee to be released from incarceration to attend a family member's funeral."). And, even a Court order does not change the calculus. *See Toman v. Mecklenburg Cnty. Sheriff's Dep't*, No. 08-CV-360, 2008 U.S. Dist. LEXIS 84752, 2008 WL 3539273, at *1 (W.D.N.C. Aug. 11, 2008) (finding no constitutional violation when sheriff, despite a court order, failed to transport pretrial detainee to his mother's funeral); *Pegues v. Rogers*, No. 07-CV-93, 2007 U.S. Dist. LEXIS 23184, 2007 WL 951896, at *2 (N.D. Ind. Mar. 27, 2007) ("If the defendants violated a valid court order requiring them to allow Mr. Pegues to attend his mother's funeral, that issue is more properly raised before the court which issued the order. However, neither the violation of the court order or the failure to allow Mr. Pegues to attend the funeral deprived Mr. Pegues of the minimal civilized measure of life's necessities.").

*Higgenbottom v. Racine Cnty. Sheriff Dep't*, No. 13-CV-1333-JPS, 2015 U.S. Dist. LEXIS 124383, at *12-13 (E.D. Wisc. Sept. 17, 2015).

Plaintiff also fails to assert that any Kentucky statute, regulation, or policy creates a liberty interest in a pretrial detainee attending a family's members funeral. "It is axiomatic that if a funeral furlough is left entirely to the discretion of a court, there can be no liberty interest created. The total discretion of the court—given the absence of substantive predicates in statute, regulation, or rule—cannot give rise to a reliance interest on the part of the plaintiff." *Id*. at 14.

Based upon this jurisprudence, the Court concludes that the complaint fails to state a claim of constitutional magnitude and must be dismissed.

**IV.**

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: October 12, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

4